IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RONALD JOSEPH JONES JR.,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE GRAVES-ROBERTSON,<br><br>    Defendant. | **MEMORANDUM DECISION & DISMISSAL ORDER**<br><br>Case No. 2:19-CV-361 JNP<br><br>District Judge Jill N. Parrish |

Plaintiff, Ronald Joseph Jones Jr., filed this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2019), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. The Amended Complaint, (ECF No. 13), is now before the Court for screening. *See id.* § 1915(e). Plaintiff names as defendant Judge Graves-Robertson. His claims are based on alleged false arrest, resulting from Defendant's issuance of a warrant. He requests money damages.

## SCREENING ANALYSIS

### A. Standard of Review

Claims in a complaint filed *in forma pauperis* are dismissed if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing a complaint's sufficiency, the Court

"presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff proceeds *pro se* the Court construes the pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [Plaintiff] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

### B. Judicial Immunity

The Amended Complaint alleges unconstitutional false arrest against the judge issuing the arrest warrant. It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims." *Segler v. Felfam Ltd. P'ship*, 324 F. App'x 742, 743 (10th Cir. 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). In this case, the judge was acting in her judicial capacity, so her actions are entitled to absolute immunity. *See Doran v. Sanchez*, 289 F. App'x 332, 332 (10th Cir. 2008) (unpublished).

### MOTION TO APPOINT COUNSEL

The Court now addresses Plaintiff's motion for the Court to ask *pro bono* counsel to represent Plaintiff. Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent plaintiffs. *See* 28 U.S.C.S. § 1915(e)(1) (2019); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Plaintiff has the burden of convincing the Court that Plaintiff's claim has enough merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

In deciding whether to ask counsel to represent Plaintiff free of charge, this Court considers a variety of factors, like "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that Plaintiff's claims are not colorable, the issues are not complex, and Plaintiff is not too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies Plaintiff's motion for appointed counsel.

## ORDER

**IT IS ORDERED** that:

(1) the Amended Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2019), for failure to state a claim on which relief may be granted. Neither liberal interpretation nor opportunity to amend would lead to a different result.

(2) Plaintiff's motion for appointed counsel is **DENIED**. (ECF No. 11.)

(3) Plaintiff's motion for default judgment is **DENIED**. (ECF No. 17.) In its earlier Order, the Court stated, "Plaintiff shall not try to serve Amended Complaint on Defendants; instead the Court will perform its screening function and determine itself whether the amended complaint warrants service." (ECF No. 7, at 5.)

DATED February 5, 2020.

BY THE COURT:

JILL N. PARRISH
United States District Judge